IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENT FRANKLIN | : | |
| Petitioner, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | |
| MICHAEL KLOPOTOSKI, et al., | : | |
| Respondents. | : | No. 09-3838 |
| | : | |

**O R D E R**

AND NOW, this 30th day of September, 2013, upon careful and independent consideration of the petition for a writ of habeas corpus and after review of the Third Supplemental Report and Recommendation of United States Magistrate Judge Timothy R. Rice, it appearing that:

a. The petition for *habeas corpus* relief under 28 U.S.C. § 2254 was filed August 21, 2009 and referred to Magistrate Judge Rice for a Report and Recommendation by order of August 27, 2009.

b. Magistrate Judge Rice filed a Report and Recommendation on January 15, 2010.

c. By order of May 5, 2010, the court remanded this action to Magistrate Judge Rice for a Supplemental Report and Recommendation addressing petitioner's claims ten and eleven.

d. Magistrate Judge Rice filed a Supplemental Report and Recommendation on June 3, 2010.

e. Petitioner filed objections to the Supplemental Report and Recommendation on June 23, 2010. In those objections, he asserted for the first time that his sentence for rape exceeded the statutory maximum that was in effect under Pennsylvania law at the time he committed the offense.

f. By order of November 18, 2010, respondents were given leave until December 14, 2010 to file a response to petitioner's objections. No response was filed and the court assumes that the District Attorney concedes the validity of petitioner's objection.

g. By order of January 6, 2011, this action was remanded to Magistrate Judge Rice for a Second Supplemental Report and Recommendation on the merits of petitioner's objection that his sentence for rape exceeded the statutory maximum.

h. On April 1, 2011, petitioner's counsel filed a motion to stay this action while petitioner exhausted the new claim in state court.

i. On April 26, 2011, Magistrate Judge Rice issued a Second Supplemental Report and Recommendation. Magistrate Judge Rice found that the new claim was unexhausted and recommended that the court grant petitioner's motion for a stay. By order of May 20, 2011, the court approved and adopted the Second Supplemental Report and Recommendation and stayed the petition for a writ of *habeas corpus*.

j. In a letter dated November 19, 2012, counsel for petitioner advised the court that petitioner's state court remedies have now been exhausted. The state court had dismissed petitioner's second PCRA petition raising the new claim as untimely. Petitioner filed objections to the Second Supplemental Report and Recommendation on February 27, 2013.

k. By order of March 20, 2013, the court remanded this action to Magistrate Judge Rice for a Third Supplemental Report and Recommendation on whether petitioner's claim that his sentence exceeded the statutory maximum is barred by procedural default and, if not, on the merits of that claim.

l. On August 7, 2013, Magistrate Judge Rice issued a Third Supplemental Report and Recommendation. Magistrate Judge Rice found that petitioner's claim that the sentence imposed for rape of a child exceeded the statutory maximum was not barred by procedural default and he examined the merits of that claim. At trial, Franklin was convicted of one count of rape of a child on an unspecified date between January 1, 2001 and January 30, 2004. The trial court imposed a sentence of twenty-to-forty years imprisonment, the maximum possible sentence under the current Pennsylvania rape statute. *See* 18 Pa. C.S. § 3121(e)(1). In December 2002, the Pennsylvania legislature modified the sentencing provisions of Section 3121. The modified provisions became effective on February 7, 2003. This statutory change doubled the maximum sentence for rape of a child from twenty years to forty years imprisonment. It is impossible to determine whether the jury found that the rape for which Franklin was convicted occurred before or after the February 7, 2003 statutory change, thus the rule of lenity requires that the trial court should have sentenced Franklin for the lesser offense. Franklin should have been sentenced under the pre-February 7, 2003 Pennsylvania rape statute, 18 Pa. C.S. § 3121(a)(6) (2002), which carried a maximum penalty of twenty years imprisonment.

m. Magistrate Judge Rice recommended the court grant petitioner's petition for writ of *habeas corpus*, vacate petitioner's sentence imposed for rape of a child, and remand the case for resentencing under the pre-February 7, 2003 rape statute. Magistrate Judge Rice informed the parties that failure to file objections within fourteen days of service of the Third Supplemental Report and Recommendation might constitute a waiver of appellate rights.

n. No objections to the Third Supplemental Report and Recommendation were timely filed.

Therefore, for the reasons stated above and in the Third Supplemental Report and Recommendation, it is **ORDERED** that:

1. The Third Supplemental Report and Recommendation is **APPROVED** and **ADOPTED**.

2. Petitioner's petition for writ of habeas corpus is **GRANTED**.

3. Petitioner's sentence imposed ib his conviction for rape of a child is **VACATED**.

4. This action is **REMANDED** to the trial court for resentencing under the pre-February 7, 2003, statutory maximum of twenty years imprisonment.

5. There is no basis for issuing a certificate of appealability.

*/s/ Norma L. Shapiro*

J.