IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENT FRANKLIN | : | |
|   Petitioner, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 09-3838 |
| | : | |
| MICHAEL KLOPOTOSKI, et al., | : | |
|   Respondents. | : | |

**NORMA L. SHAPIRO, J.**                                                                 **NOVEMBER 23, 2015**

### MEMORANDUM

    Vincent Franklin has filed a "Motion for Relief Under Federal Rules of Civil Procedure, Rule 60(b)(4); Due to the Trial Court Lack of Jurisdiction of the Subject Matter" (paper no. 60) ("60(b) motion") and a "Motion for Appointment of Counsel" (paper no. 61). The 60(b) motion is denied as the court lacks jurisdiction; the motion to appoint counsel is denied as moot.

    On March 18, 2005, Franklin was convicted in the Court of Common Pleas of Northampton County of rape of a child, aggravated indecent assault, involuntary deviate sexual intercourse, and indecent assault. On August 21, 2009, Franklin filed a petition for habeas corpus relief under 28 U.S.C. § 2254 (paper no. 1). On October 9, 2013, this court granted the writ of habeas corpus, vacated the sentence for rape of a child because it exceeded the statutory maximum at the time of the offense, and remanded to the trial court for resentencing (paper no. 53).

    On September 3, 2015, Franklin filed a 60(b) motion for this court "to vacate defendant's 2005 judgment; which is void ab initio." *Motion for Relief*, 2 (emphasis omitted). Franklin argues his criminal conviction is void because the criminal information alleged the offenses occurred between January 1, 2001, and January 30, 2004, and "the evidence elicited by the Commonwealth indicated that the alleged offenses occurred in December 2000." *Motion for Relief*, 1. He asserts this court has the authority to grant relief from the Pennsylvania court's judgment under Rule 60(b)(4). *Id.* at 4.

    A federal district court generally may not "adjudicat[e] actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state

court's ruling." *Walker v. Horn*, 385 F.3d 321, 329 (3d Cir. 2004) (*quoting Desi's Pizza, Inc., v. City of Wilkes-Barre*, 321 F.3d 411, 419 (3d Cir. 2003)). This jurisdictional bar, the *Rooker-Feldman* doctrine, exists because Congress has granted only the United States Supreme Court federal appellate jurisdiction over state-court judgments. *Id.*

A federal habeas corpus petition is "an exception to the *Rooker-Feldman* jurisdictional bar." *Walker*, 385 F.3d at 329, n.22 (*citing Sumner v. Mata*, 449 U.S. 539, 543-44 (1981)). A Rule 60(b) motion is a habeas petition if it attacks "the substance of the federal court's resolution of a claim on the merits" or "seeks to add a new ground for relief," but it is not a habeas petition if it attacks a "defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005). A district court lacks jurisdiction to review a second or successive habeas petition unless the Court of Appeals determines that the petitioner has made a prima facie showing that a claim in the petition satisfies the requirements of 28 U.S.C. § 2244(b). *See* 28 U.S.C. § 2244 (b)(3)(A)&(C).

Franklin's "Motion for Relief Under Federal Rules of Civil Procedure, Rule 60(b)(4); Due to the Trial Court Lack of Jurisdiction of the Subject Matter" is a habeas petition because it seeks to litigate a substantive claim: whether the Court of Common Pleas lacked jurisdiction because of defects in the criminal information. This is a second habeas petition; the court lacks jurisdiction to review it without an order from the Court of Appeals.

Plaintiff's "Motion for Relief Under Federal Rules of Civil Procedure, Rule 60(b)(4); Due to the Trial Court Lack of Jurisdiction of the Subject Matter" is denied for lack of jurisdiction. The motion for appointment of counsel is denied as moot.